NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEITH RASQUINHA and ERICA DONUTS II, INC., <br><br> *Appellants,* <br><br> v. <br><br> NORGAARD O'BOYLE and CHARLES M. FORMAN, <br><br> *Appellees*. | Civil No. 19-19846 (KSH) <br><br> On Appeal From an Order of the United States Bankruptcy Court for the District of New Jersey <br><br> (Bankruptcy Case No. 13-36463) <br><br> (Adversary Case No. 15-02454) <br><br> **OPINION** |

**Katharine S. Hayden, U.S.D.J.**

I. **Introduction**

This matter comes before the Court on the appeal filed by Keith Rasquinha and his company Erica Donuts II, Inc. from the order of Bankruptcy Judge Rosemary Gambardella granting the firm of Norgaard O'Boyle's motion to be relieved as counsel. For the reasons set forth below, Judge Gambardella's order is affirmed, and the appeal is dismissed.

II. **Background**

The facts relevant to this appeal are as follows. In December 2015, Charles M. Forman, the chapter 7 trustee of the bankruptcy estate of Wen-Kev Management, Inc., filed a three-count complaint against Rasquinha and Erica Donuts seeking $165,000 in alleged preferential and fraudulent transfers under 11 U.S.C. §§ 547, 548, 550 (the "adversary proceeding"). (App. 1-10.)[1]

---

[1] References to "App." are citations to the appendix, which includes copies of various filings and transcripts from the adversary proceeding. (*See* D.E. 6-8.)

Rasquinha and Erica Donuts retained Norgaard O'Boyle to represent them in the adversary proceeding, and the firm answered the complaint on January 6, 2016. (App. 13-22.)

The parties proceeded with discovery. On or about October 5, 2017, Judge Gambardella held a pretrial conference and entered a joint scheduling order which, *inter alia*, set a January 15, 2018 deadline for the filing of "[a]ll motions." (*Id.* 23-25 at ¶ 3.) On October 8, 2018, almost nine months beyond the court-imposed deadline, Forman filed a motion for summary judgment without leave of court. (*See id.* 30-160.)

Three days later, Michael S. Kopelman—Rasquinha and Erica Donuts' chapter 11 counsel who had remained involved in the firm's defense of the adversary proceeding[2]—emailed partner John O'Boyle about Forman's filing as follows:

> Dear John:
>
> I strongly suggest you send an email to Connolly [(Forman's counsel)] demanding that he withdraw his motion for Summary Judgment within 24 hours because the filing of the motion is in direct violation of ¶ 3 of 10/5/17 scheduling order of Judge Gambardella, copy attached. If he does not timely withdraw it, please prepare and serve (but not file) a motion for sanctions pursuant to Bankruptcy Rule 9011 upon Connolly. We can then discuss, at a conference at your office . . . , what our next step should be and also use the time for trial preparation[.]
>
> . . .
>
> If you disagree, please call to discuss. Otherwise, I will assume you will be proceeding as above.
>
> Finally, please advise of a convenient date and time for a conference at your office in the near future.

(App. 503-504.)

---

[2] According to the moving brief, Kopelman "referred the defense of Forman's suit to Norgaard O'Boyle but actively participated in its defense and accompanied Rasquinha to all important meetings between him and Norgaard O'Boyle." (D.E. 5, Mov. Br. at 4.)

2

On October 17, 2018, Rasquinha and Kopelman met with O'Boyle, and approximately one week later, Kopelman emailed him to "[f]ollow[] up" on their discussions and stated, in relevant part, that Rasquinha was "firmly in favor of proceeding to trial . . . before Judge Gambardella and definitely not in favor of proceeding by cross-notice of motion for summary judgment as you have suggested."  (App. 509-510.)  Notwithstanding, on November 21, 2018, Norgaard O'Boyle filed opposition to Forman's motion and cross-moved for summary judgment on his clients' behalf.  (*Id.* 162-340.)

Very soon after that, on December 7, 2018, Norgaard O'Boyle filed a motion to be relieved as counsel based on "irresolvable disagreements" which resulted in a breakdown of the attorney-client relationship.  (*See id.* 341-52.)  Attached to the motion was John O'Boyle's certification stating that Kopelman had sent him an email on November 26, 2018 criticizing his legal services, threatening a malpractice action, and directing him to contact the firm's insurance carrier and to take legal actions which were not in his clients' best interest.  (*Id.* 343-46, O'Boyle Cert. ¶ 6.)  The certification further indicated that Rasquinha had refused to meet or otherwise communicate with O'Boyle.  (*Id.* ¶¶ 7-10.)[3]  Kopelman opposed the motion on behalf of Rasquinha and Erica Donuts, arguing that Norgaard O'Boyle's withdrawal would adversely affect them in the litigation.[4]  (*See* App. 444; *see also id.* 451-60, Rasquinha Cert. ¶ 27.)

---

[3] Norgaard O'Boyle also argued that withdrawal was appropriate because Rasquinha and Erica Donuts had failed to compensate the firm in accordance with their retainer agreement.  (*Id.* ¶¶ 8-10.)  During oral argument, Judge Gambardella found that they had made "substantial payments" to the firm and thus did not permit withdrawal on that basis.  (App. 590-618, 2/5/19 Tr. 20:17-18.)

[4] The opposition also sought Judge Gambardella's recusal, which she denied.  (*See* 2/5/19 Tr. 17:20-19:4.)  That ruling is not before the Court on appeal.

After hearing argument from O'Boyle, Kopelman, and Forman's attorney,[5] Judge Gambardella granted Norgaard O'Boyle's motion to withdraw because it was "clear that there has been a clear strain on the attorney/client relationship if not an irreconcilable rift," as evidenced by the fact that Kopelman, on behalf of Rasquinha, had "threaten[ed] [a] malpractice suit against the Norgaard O'Boyle firm."  (2/5/19 Tr. 20:10-16.)  Judge Gambardella found two bases for withdrawal:  New Jersey Rule of Professional Conduct ("RPC") 1.16(b)(4), which allows for withdrawal if the client insists upon taking an action that his attorney fundamentally disagrees with, because there was a "fundamental disagreement between the parties here as to how this matter is to be handled"; and as well RPC 1.16(b)(7), because there was a "breach of trust between the parties." (*Id.* 20:21-21:11.)  However, Judge Gambardella emphasized that the withdrawal must be "accomplished without undue prejudice" to Rasquinha and Erica Donuts, and granted their request for 60 days to retain new counsel.  (*Id.* 21:19-22:3; *see* App. 588-89.)

Again through Kopelman, Rasquinha and Erica Donuts moved for reconsideration of Judge Gambardella's ruling one week later, which she denied after holding oral argument.  (App. 758-89, 10/10/19 Tr. 10:12-16:8.)  Judge Gambardella entered an order formally denying the reconsideration motion and granting them another 60 days from the date of oral argument (*i.e.*, until December 11, 2019) to find new counsel.  (App. 789-90.)

The instant appeal followed, over which the Court has jurisdiction pursuant to 28 U.S.C. § 158(a).[6]

---

[5] Forman did not take a position on the merits of the withdrawal motion, but advised that he would not object to granting Rasquinha and Erica Donuts a reasonable time to find replacement counsel should the motion be granted.  (*See* 10/10/19 Tr. 6:14-7:8.)

[6] While Norgaard O'Boyle opposes the appeal on its merits (*see* D.E. 12), Forman asks the Court to "avoid issuing any ruling that would cause further undue delay to the resolution of the underlying claims." (D.E. 11 at 4.)

### III.  Legal Standards

As a general matter, "[w]hen an attorney agrees to undertake the representation of a client, he or she is under an obligation to see the work through to completion." *Cuadra v. Univision Commc'ns, Inc.*, 2012 WL 1150833, at *4 (D.N.J. Apr. 4, 2012) (Hammer, M.J.) (quoting *Haines v. Liggett Grp., Inc.*, 814 F. Supp. 414, 424 (D.N.J. 1993) (Lechner, J.)). The Local Civil Rules, which apply with equal force to the bankruptcy court, *see* D.N.J. LBR 1001-1(A), provide that "[u]nless other counsel is substituted, no attorney may withdraw an appearance except by leave of Court," L. Civ. R. 102.1. They further provide that the RPC's govern the conduct of attorneys in this district. *See* L. Civ. R. 103.1(a). Accordingly, in deciding a motion to withdraw, courts must apply RPC 1.16, which governs an attorney's withdrawal from client representation.

RPC 1.16(b), the "permissive" withdrawal rule, *see Cuadra*, 2012 WL 1150833, at *4, provides that a lawyer may withdraw from representing a client if:

> (1) withdrawal can be accomplished without material adverse effect on the interests of the client;
>
> (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
>
> (3) the client has used the lawyer's services to perpetrate a crime or fraud;
>
> (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;
>
> (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
> (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
>
> (7) other good cause for withdrawal exists.

RPC 1.16(b). Guided by RPC 1.16(b), courts in this district consider four criteria in evaluating a motion to withdraw, namely: (i) the reasons withdrawal is sought; (ii) the prejudice withdrawal may cause to the litigants; (iii) the harm withdrawal might cause to the administration of justice; and (iv) the degree to which withdrawal will delay resolution of the case. *See Haines*, 814 F. Supp. at 423.

Whether to grant withdrawal is within the discretion of the motion court. *See Cuadra*, 2012 WL 1150833, at *5. Accordingly, the Court reviews Judge Gambardella's findings of fact for abuse of discretion. *See Ohntrup v. Makina Ve Kimya Endustrisi Kurumu*, 760 F.3d 290, 294 (3d Cir. 2014). "An abuse of discretion occurs when a . . . court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." *Buschmeier v. G&G Invs., Inc.*, 222 F. App'x 160, 162 (3d Cir. 2007). Judge Gambardella's legal conclusions are subject to *de novo* review. *See Donaldson v. Bernstein*, 104 F.3d 547, 551 (3d Cir. 1997).

**IV.     Discussion**

Rasquinha and Erica Donuts raise two discrete arguments in support of their appeal: first, Judge Gambardella erred by applying RPC 1.16(b)(4) and (7) instead of 1.16(b)(1); and second, she abused her discretion in granting the withdrawal motion. (*See* Mov. Br. at 13-20; *see also* D.E. 14, Reply Br. at 1-7.)

As to the former argument, RPC 1.16(b) encompasses two categories of permissive withdrawal: withdrawal without adverse material effect on the client, which is covered by RPC 1.16(b)(1), and "withdrawal for 'good cause' notwithstanding adverse material effect on the client," which is covered by RPC 1.16(b)(2)-(7). *Cuadra*, 2012 WL 1150833, at *7. Accordingly, RPC 1.16(b) permits a withdrawal if it can be accomplished without material adverse effect on the

6

client "*or if any of the criteria enumerated in (b)(1)-(6) is met.*" *In re Lands End Leasing, Inc.*, 220 B.R. 226, 235 (Bankr. D.N.J. 1998) (Stripp, J.) (emphasis added). In its motion, Norgaard O'Boyle primarily argued that good cause justified its withdrawal. (*See* O'Boyle Cert. ¶ 10 ("Defendants' refusal to meet with Movant or communicate in confidence . . . and their directive that Movant prosecute the adversary proceeding in accordance with advice rendered by another attorney each constitute good cause[.]").) Judge Gambardella ruled on that basis, finding that there was good cause for withdrawal under RPC 1.16(b)(4) and (7). Accordingly, she was not required to analyze RPC 1.16(b)(1).

Significantly, the argument that Judge Gambardella "ignored" the adverse impact of withdrawal is unsupported by the record. (Mov. Br. at 13.) During oral argument on the withdrawal motion, Judge Gambardella explicitly recognized that Norgaard O'Boyle's withdrawal must be "accomplished without undue prejudice to the formerly represented parties," and indicated that she would grant Rasquinha and Erica Donuts "any and all time necessary to secure new counsel or put themselves in a position to defend" the pending motions for summary judgment. (2/5/19 Tr. 21:19-22:2.) On the record after Judge Gambardella's initial ruling, she granted Rasquinha and Erica Donuts' request for 60 days to find new counsel, and again she granted an additional 60 days after she denied their reconsideration motion. Accordingly, Judge Gambardella has afforded them ample opportunity to secure new counsel to litigate the pending motions and, if necessary, proceed to trial.

Turning, then, to the latter argument, the Court finds no abuse of discretion. The oral argument transcript reveals that Judge Gambardella closely considered the record before her, which included evidence that there had been a breakdown of communication between Rasquinha and Norgaard O'Boyle as well as fundamental disagreements in legal strategy between the firm

7

and Kopelman, who was not retained as counsel but who had nonetheless actively been advising Rasquinha and Erica Donuts on the adversary proceeding. (*See, e.g.*, 2/5/19 Tr. 9:25-10:11.) There was also evidence that Rasquinha, through Kopelman, had threatened a malpractice action against Norgaard O'Boyle and even instructed the firm to contact its insurance carrier. In addition, Rasquinha submitted a certification in opposition to Norgaard O'Boyle's withdrawal motion in which he requested "a sealed *in camera* hearing in chambers outside the presence of [Forman's] counsel to establish a record including documentary evidence regarding the basis for my potential [malpractice] claim."[7] (Rasquinha Cert. ¶ 26.) The Court sees no abuse of discretion in Judge Gambardella's conclusion that the record demonstrated "a clear strain on the attorney/client relationship if not an irreconcilable rift," which constituted good cause for permissive withdrawal under RPC 1.16(b)(4) and (7).

## V.     Conclusion

For the foregoing reasons, Judge Gambardella's order is affirmed, and the appeal is dismissed. An appropriate order will issue.

Date: January 17, 2023

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.

---

[7] That request appears to have been withdrawn during oral argument, though Judge Gambardella correctly queried counsel about how Norgaard O'Boyle could continue to represent Rasquinha. (*See* 2/5/19 Tr. 8:23-25 ("I guess my question goes to once that request is made how does the Norgaard O'Boyle firm continue to represent your client?").)